UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TASHONDA TROUPE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20 CV 1790 RWS |
| ST. LOUIS COUNTY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks reconsideration of the Memorandum and Order entered on March 15, 2022, dismissing her § 1983 claims against some defendants for failure to state a claim, dismissing her § 1983 claims against other defendants based on qualified immunity, and denying qualified immunity to defendant Anthony Young on her § 1983 claim against him. (ECF 70). The Court then stayed the proceedings for a short time to permit plaintiff and/or Young the opportunity to appeal the adverse qualified immunity rulings to the Eighth Circuit Court of Appeals. Neither plaintiff nor Young exercised their right to appeal the qualified immunity rulings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (a district court's order rejecting or granting qualified immunity at the motion-to-dismiss stage of a proceeding is a "final decision" within the meaning of § 1291). Instead, plaintiff seeks to amend her complaint yet again to assert greater factual detail in

support of her allegations or, alternatively, asks the Court to certify the March 15, 2022 ruling for interlocutory appeal. Defendants (excluding Young who did not file a response) oppose plaintiff's requests.

Plaintiff had an immediate right to appeal the March 15, 2022 decision on qualified immunity and did not do so. As for the remaining issues addressed in the Memorandum and Order which do not provide for an immediate right of appeal, plaintiff has not demonstrated that certifying them for interlocutory review meets the standards set out in 28 U.S.C. § 1292(b), particularly where there is no interlocutory appeal on qualified immunity pending before the Eighth Circuit.

The case will go forward on the § 1983 claim against Young and the state law claims. Plaintiff' did not seek leave to amend any of these claims, so the motion for leave to amend will be denied. The Court will not reconsider its March 15, 2022 rulings, as it continues to believe that the decision is correct and plaintiff has put forth no new law or facts demonstrating the prior decision was in error.

Although plaintiff complains that the Court wrongfully disregarded her "upon information and belief" allegations, the Court disagrees and continues to believe that these allegations are not sufficient to state a claim because of the rote, generalized, conclusory nature of the allegations, as well as the fact that these bald conclusions are not supported by any factual allegations. As previously explained, the Court cannot rely upon such formulaic, threadbare "upon information and

belief" recitals as a substitute for specific factual allegations with respect to each defendant in its consideration of the sufficiency of plaintiff's claims. Plaintiff's assertion that these allegations are based upon an unnamed informant does not change this result.

Finally, the Court remains convinced that its qualified immunity analysis is correct. *See Rusness v. Becker County, Minnesota*, 31 F.4th 606, 615-18 (8th Cir. Apr. 12, 2022) (affirming grant of qualified immunity on deliberate indifference claim to prison officials who failed to recognize the seriousness of prisoner's undiagnosed leukemia where medical professionals did not diagnose condition; "the jail staff had no basis for concluding that the instructions received were so ineffective that following them might raise the specter of liability for deliberate indifference to an inmate's medical need."). As for plaintiff's argument that she was denied access to certain records, the Court can only rule upon discovery disputes properly put before it. As there currently are no such disputes pending, the Court cannot issue any advisory rulings on what documents may need to be produced during discovery in this case.

As the stay of this case has now been lifted, defendants may file any motions to dismiss pending state law claims by no later than twenty days from the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider [71] is denied in all respects.

**IT IS FURTHER ORDERED** that any motions to dismiss state law claims shall be filed no later than twenty days from the date of this Memorandum and Order. Plaintiff is granted twenty days upon the filing date of any said motion to file an opposition. Reply briefs may be filed within ten (10) days thereafter.

**IT IS FURTHER ORDERED** that the stay of this case is lifted.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2022.