UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TASHONDA TROUPE,                      )
                                      )
      Plaintiff,                     )
                                      )
v.                                    )       No. 4:20 CV 1790 RWS
                                      )
ST. LOUIS COUNTY, MISSOURI,           )
et al.,                               )
                                      )
      Defendants.                    )

## **MEMORANDUM AND ORDER**

In this Section 1983 case, defendant Young asks this Court to enjoin a recently-filed state action filed against him by the plaintiff. The state case and the instant case involve the death of plaintiff's son, Lamar Catchings. According to defendant, plaintiff is impermissibly splitting her cause of action in state and federal court, so this Court is authorized under the Anti-Injunction Act to enjoin the state proceedings against him. Defendant also seeks sanctions against plaintiff for her allegedly bad faith conduct. The motion will be denied.

Lamar Catchings died from an undiagnosed form of leukemia while a pretrial detainee at St. Louis County's Buzz Westfall Justice Center (Justice Center). Plaintiff is Catchings' mother and brings this lawsuit under 42 U.S.C. § 1983 against defendant, who was a nurse at the Buzz Westfall Justice Center, for the death of her son. In this action, plaintiff alleges that defendant was deliberately

indifferent to the serious medical needs of her son in violation of his Eighth and Fourteenth Amendment rights.

In addition to the federal claim pending against defendant, plaintiff's complaint as originally pleaded also brought federal and state law claims against St. Louis County and its various officials, as well as numerous members of the jail and additional medical staff at the Buzz Westfall Justice Center for the death of her son. However on March 15, 2022, I dismissed the federal claims against all defendants except Young. [70]. After choosing not to file an interlocutory appeal of the Court's ruling on qualified immunity, plaintiff voluntarily dismissed her state law claims against all defendants, including Young, without prejudice, leaving only her § 1983 claim against Young pending in this case. [85].

Now, on the eve of trial, plaintiff has refiled her state law claims against Young in state court for wrongful death and negligence relating to the death of her son.[1] There is no question that the state law claims against Young arise out of the same facts at issue in this action. Both lawsuits relate to the medical treatment defendant provided plaintiff in the month before his death. Defendant argues that plaintiff cannot split her cause of action in this way and that this Court accordingly

---

[1] Plaintiff has also refiled her state law claims against other defendants, including St. Louis County, who are no longer parties to this action. St. Louis County removed the state action, claiming that I had federal question jurisdiction over the state law claims because they were once part of this case and related factually to the claim made against Young. *See Troupe v. St. Louis County, et al.*, 4: 23 CV 1269 RWS. That case was summarily remanded for lack of subject matter jurisdiction. ECF 10 in Case 4: 23 CV 1269 RWS.

has the authority to enjoin the state court proceedings against him because the

Anti–Injunction Act prohibits such an action.  The Anti–Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

The United States Supreme Court explained the purpose of the Anti–Injunction

Act:

> The Act, which has existed in some form since 1793, *see* Act of Mar. 2, 1793, ch. 22, § 5, 1 Stat. 335, is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts.  It represents Congress' considered judgment as to how to balance the tensions inherent in such a system.  Prevention of frequent federal court intervention is important to make the dual system work effectively.  By generally barring such intervention, the Act forestalls "the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630–631 (1977) (plurality opinion).  Due in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."

*Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146 (1988) (quoting *Atlantic*

*Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 287

(1970)).

The Anti–Injunction Act "imposes an absolute ban upon the issuance of a

federal injunction against a pending state court proceeding, in the absence of one

of the recognized exceptions . . . ." *Mitchum v. Foster,* 407 U.S. 225, 228–29 (1972); *accord Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630 (1977) (holding that unless one of the exceptions governs, federal courts are "absolute[ly] prohibit [ed]" from enjoining a state judicial proceeding); *Atlantic Coast Line R.R. Co.,* 398 U.S. at 286 (holding that the Anti–Injunction Act constitutes "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."); *Amalgamated Clothing Workers of America v. Richman Bros.,* 348 U.S. 511, 516 (1955) ( "[l]egislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions."); *In re SDDS, Inc.,* 97 F.3d 1030, 1036-37 (8th Cir. 1996) ("The Supreme Court has expressly rejected the view that the anti-injunction statute merely states a flexible doctrine of comity, and has made clear that the statute imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding, in the absence of one of the recognized exceptions.") (cleaned up); *Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs., Inc.,* 77 F.3d 1063, 1068 (8th Cir. 1996) ("The Anti–Injunction Act prohibits federal courts from enjoining proceedings in state courts unless the injunction falls within one of three exceptions.").

The Anti–Injunction Act permits injunctions in three, specific circumstances, namely, where the injunction (1) is expressly authorized by

Congress; (2) is necessary in aid of the federal court's jurisdiction; or (3) is necessary to protect or effectuate the federal court's judgment.  28 U.S.C. § 2283; *see Chick Kam Choo,* 486 U.S. at 146.  As the Court has recognized, the exceptions to the Anti–Injunction Act are narrow in scope and are "not [to] be enlarged by loose statutory construction." *Atlantic Coast Line R.R. Co.,* 398 U.S. at 287; *accord Chick Kam Choo,* 486 U.S. at 146; *In re SDDS, Inc.,* 97 F.3d at 1037; *National Basketball Ass'n v. Minnesota Professional Basketball, Ltd. Partnership,* 56 F.3d 866, 872 (8th Cir. 1995).  Furthermore, the Court cautioned against enjoining parallel state proceeding in deference to principles of comity and federalism, stating:

> [a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion.

*Atlantic Coast Line R.R. Co.,* 398 U.S. at 297; *accord Vendo Co.,* 433 U.S. at 630; *Reimer & Koger Assocs., Inc.,* 77 F.3d at 1068. Thus, an injunction staying state proceedings is proper only if it falls within one of the statutory exceptions.  *Chick Kam Choo,* 486 U.S. at 146; *Atlantic Coast Line R.R. Co.,* 398 U.S. at 286–87. Therefore, if an injunction against the Missouri court proceeding is to be issued it must be "expressly authorized by Act of Congress," "necessary in aid of (the court's) jurisdiction," or done "to protect or effectuate (the court's) judgments."

28 U.S.C. § 2283.

The next step in the court's analysis, then, is to determine whether the injunction sought by defendant here comes within any of the three exceptions provided in the statute. Here, defendant asserts without explanation or authority that "multiple exceptions are present here permitting this Court to enjoin Plaintiff from proceeding with her improper second lawsuit." ECF 132 at 6. However, he only specifically cites the "expressly authorized" exception, claiming that it applies because "plaintiff's claims in this matter are specifically based upon 42 U.S.C. § 1983 of the Civil Rights Act." While it is true that actions brought under 42 U.S.C. §1983 are within the scope of the Anti-Injunction Act, *Gibson v. Berryhill*, 411 U.S. 564, 573 (U.S. 1973), defendant cannot invoke that exception here as he is not seeking to enforce any rights under §1983 that would be impaired if the state action were permitted to proceed. Simply stated, defendant does not claim that his constitutional rights are being violated. Defendant cannot just point to the fact that he is being sued under §1983 to demonstrate that one of the narrowly-tailored exceptions to the Anti-Injunction Act permits this Court to enjoin the state court proceedings against him.

Nor do the cases cited by defendant demonstrate that this exception applies in this situation, either, as they are removal cases and inapposite here as this case was originally filed in federal court. *See Reimer & Koger Assocs., Inc.,* 77 F.3d at

6

1069 (noting that the removal statute grants express authorization to stay state court proceedings, whether in the case actually removed or later filed state cases that were filed for the purpose of subverting federal removal jurisdiction); *Lehr v. Nike Ihm, Inc.*, 4: 19 CV 942 RLW, 2020 WL 5038716, at *1 (E.D. Mo. Aug. 25, 2020) (removal statute authorizes court to enjoin second state court action filed after first case was removed because removal statute authorizes injunction when second suit was filed for the purpose of subverting federal removal statute); *Cross v. City of Liscomb*, 2004 WL 840274, at *4 (S.D. Iowa 2004) (later filed state court enjoined after court determined it was filed to subvert federal removal jurisdiction).[2]

Defendant next argues that "federal courts have jurisdiction over an entire action, including state law claims, where the federal law and state law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." ECF 136 at 9. Defendant does not explain what exception to the Anti-Injunction Act he believes this statement invokes. Instead he spends a great deal of time discussing Missouri's rule of claim splitting and arguing that plaintiff is violating this rule by proceeding with her state law claims against him in state court. Even if true, this Court must still have the authority under one of the recognized exceptions to the

---

[2] Any future citations to unpublished authority shall include the Westlaw citation.

Anti-Injunction Act to enjoin a state proceeding. Defendant's reliance on *Cochrell v. Bentwood Healthcare, LLC*, 4:21CV1277 RLW, 2022 WL 1773046 (E.D. Mo. June 1, 2022), is utterly unavailing in that regard, as that court was not asked to enjoin a state court proceeding. Instead, it dismissed the later filed federal action because it found that plaintiff had impermissibly split her cause of action under Missouri law by first filing a related state claim involving the same common nucleus of fact. *Id.* at *1-*2. Whether or not the court's interpretation of Missouri law is correct,[3] it has no bearing here where defendant seeks to enjoin a state court proceeding, an act that must be expressly authorized by the Anti-Injunction Act. As no prior court order is at issue here, defendant must be asserting that an injunction is permitted in this case because it is "necessary in aid of (the court's) jurisdiction."

In *Atlantic Coast Line Railroad Co.,* the Supreme Court explained that the necessary in aid of the court's jurisdiction exception to the Anti–Injunction Act means injunctions may be issued where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." 398 U.S. at 295. The "in aid of jurisdiction" exception usually involves *in rem*

---

[3] If it is, defendant's remedy is to ask the state court to dismiss the claims against him based upon the claim splitting defense, not to ask this Court to enjoin the state proceedings.

actions where the court has jurisdiction over a res. *Vendo Co.,* 433 U.S. at 641–42. Thus, where the federal court's jurisdiction is in rem and the state court action may effectively deprive the federal court of the opportunity to adjudicate as to the res, the exception for necessity "in aid of jurisdiction" may be appropriate. *Compare Kline v. Burke Constr. Co.,* 260 U.S. 226, 230 (1922) (reversing federal court injunction against state court proceedings where contract obligations were in dispute, rather than rights relating to a res) with *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader,* 294 U.S. 189, 198 (1935) (affirming federal district court's jurisdiction and holding that where two courts have concurrent jurisdiction over a res, the one taking possession first acquires exclusive jurisdiction to the extent necessary for the appropriate control and disposition of the property).

Courts have also recognized the application of this exception in school desegregation cases, where conflicting orders from different courts would only serve to make ongoing federal oversight unmanageable. *Swann v. Charlotte–Mecklenburg Bd. of Educ.,* 501 F.2d 383, 384 (4th Cir. 1974); *Oliver v. Kalamazoo Bd. of Educ.,* 510 F. Supp. 1104, 1107 (W.D. Mich.1981). Additionally, courts have also recognized the application of this exception "where a federal court is on the verge of settling a complex matter, and state court proceedings may undermine its ability to achieve that objective." *Standard Microsystems Corp. v. Texas Instruments, Inc.,* 916 F.2d 58, 60 (2d Cir. 1990).

Here, the Missouri case is merely an *in personam* action arising solely under Missouri law.  Circumstances such as these do not justify invocation of the exceptions of the Anti–Injunction Act.  *See Vendo Co.,* 433 U.S. at 642; *Kline,* 260 U.S. at 230.  As Justice Rehnquist noted in *Vendo Co.*:

> The traditional notion is that *in personam* actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance. We have never viewed parallel *in personam* actions as interfering with the jurisdiction of either court.  An action brought to enforce (a personal liability) does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata*.

*Id.* at 642 (cleaned up).

The case at bar is neither an *in rem* action nor is there any ongoing federal jurisdiction that demands protection. The court concludes that the granting of the injunction sought in this case cannot be considered "necessary in aid of its [the district court's] jurisdiction" under 28 U.S.C. § 2283.  Therefore, this court cannot enjoin the Missouri state court proceeding.  While parallel proceedings in state and federal court may create additional inconvenience, expense, and delay for the parties involved in the litigation., the Missouri state court proceeding, nonetheless, cannot be enjoined because of the provisions of 28 U.S.C. § 2283.  For the same reasons, defendant's request for sanctions must also be denied.

Finally, the Court reminds the parties that a request for sanctions is not a "litigation tactic."  Counsel should only seek sanctions, or indicate that he intends to seek sanctions, if such relief is warranted by the facts and the law.  Continued threats or requests for sanctions will be met with disfavor from this Court and could result in the imposition of sanctions against counsel personally and the offending party if the Court determines that such relief (or the threat thereof) was sought only to vexatiously multiply these proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for an injunction and for sanctions [131] is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2023.

11