UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TASHONDA TROUPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-01790-SRC |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum and Order

Dr. Dawn Davis—previously Physician Doe—moves to dismiss Tashonda Troupe's claims as barred by applicable statutes of limitations.  Troupe invokes the doctrines of relation back, fraudulent concealment, and equitable estoppel to bar the application of the statutes of limitations.  The Court finds that Troupe cannot prevail and therefore dismisses Dr. Davis.

**I.    Background**

**A.    Factual background**

The facts and procedural history relevant to Dr. Davis's Motion to Dismiss are brief.  On December 17, 2020, Troupe filed this lawsuit against numerous defendants for the death of her son, Lamar Catchings, at the St. Louis County Justice Center.  *See generally* doc. 1.  In her Complaint, Troupe made allegations against St. Louis County and various corrections officers, among others, *see generally id.*, and against "Physician Doe," *id.* at ¶¶ 218–28, 275–311.  She alleges that Physician Doe "succeeded Mary Hastings as Defendant St. Louis County's Chief of Medical Services, Corrections Medicine" and issued various standing orders.  *Id.* at ¶¶ 70–71.  After Troupe amended her Complaint a few times without yet identifying Physician Doe, *see generally* docs. 10, 29, Judge Rodney W. Sippel issued a show-cause order in November 2021

asking why the Court should not dismiss Physician Doe for untimely service, doc. 63.  About a year later, Judge Sippel dismissed Physician Doe for lack of timely service.  Doc. 86.

After Judge Sippel dismissed Troupe's federal claims against all parties except Anthony Young, *see* doc. 70 at 55–56, Troupe and Young achieved a settlement and dismissed the case, docs. 171–72.  Troupe then appealed Judge Sippel's dismissal order to the Eighth Circuit, doc. 174, and post-remand, docs. 179–80, filed her Fourth Amended Complaint, doc. 201.

In this complaint, Troupe alleges section 1983, doc. 201 at ¶¶ 303–26, and wrongful-death, *id.* at ¶¶ 327–37, claims against Physician Doe—now identified as Dr. Dawn Davis. Troupe claims that the County provided "jail medical records" that "misidentified Mary Hastings as the author of the standing order, and not [Dr.] Davis," *id.* at ¶ 64, and says that she would have named Dr. Davis in her previous pleadings "but for the County's misidentification."  *Id.* at ¶ 62; *see also* doc. 194-3; doc. 194-4.  Troupe avers that neither Dr. Davis nor the County "inform[ed] [her] that the medical records were incorrect and that [Dr.] Davis was responsible for the standing order."  Doc. 201 at ¶ 66.  Troupe also alleges that Catchings died either on February 28, 2019, or March 1, 2019.  *Compare id.* at ¶¶ 31–32 *with id.* at ¶¶ 145, 309.

## II.    Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  But if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Nor does a "pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement" suffice.  *Hamilton v. Palm*, 621 F.3d 816, 817–18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . without converting the motion into one for summary judgment." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted).

"As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale*, LLP, 635 F.3d 364, 367 (8th Cir. 2011) (citation omitted). "Thus, in order to prevail on its statute of limitations defense, [the defendant] has to prove [plaintiff's] cause of action accrued" beyond the limitations period. *Id.* at 368.

## III.     Discussion

Missouri law provides a five-year statute of limitations for personal injuries. *See* Mo. Rev. Stat. § 516.120(4). The Eighth Circuit has found that "the Missouri five-year personal injury statute of limitations applies to . . . section 1983 action[s]." *Chandler v. Presiding Judge*, 838 F.2d 977, 978–79 (8th Cir. 1988); *see also Walker v. Barrett*, 650 F.3d 1198, 1205–06 (8th Cir. 2011). And "[e]very [wrongful-death] action . . . shall be commenced within three years after the cause of action shall accrue." Mo. Rev. Stat. § 537.100.1.

Dr. Davis argues that, because Mr. Catchings died on February 28, 2019, that is the date Troupe's cause of action accrued, meaning that Troupe "had to file her claims against [Dr.] Davis by February 28, 2024 for the [section] 1983 claims and February 28, 2022 for the wrongful[-]death claim." Doc. 240 at 5. Troupe does not contest that the relevant statutes of limitations expired on these dates. *See generally* doc. 245.

Instead, Troupe argues that though she named Dr. Davis for the first time in her Fourth Amended Complaint, filed on September 23, 2025, doc. 201, the statute of limitations doesn't bar Troupe's section 1983 and wrongful-death claims against Dr. Davis because: (i) her Fourth Amended Complaint relates back to her original Complaint, (ii) equitable estoppel bars application of the statute of limitations, or (iii) fraudulent concealment tolls the limitations

4

period.  *See* doc. 245 at 2–9.  She therefore argues that her Fourth Amended Complaint is timely.  *See id.*

### A.     Relation back

Under Federal Rule of Civil Procedure 15(c), an "amendment to a pleading" that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading" "if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, *but for a mistake* concerning the proper party's identity."  Fed. R. Civ. P. 15(c) (emphasis added).  Notably, "[u]nder Rule 15(c), relation back is permitted only when the action originally is brought against the wrong person because of a 'mistake.'"  *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 581 (8th Cir. 2017).

This case turns on the interpretation of Rule 15(c)(1)(C)(ii); the question before the Court is whether Troupe's pleading allegations against Physician Doe was a "mistake," such that her Fourth Amended Complaint replacing Physician Doe with Dr. Davis relates back to her original Complaint.  The Court finds—applying clear Eighth Circuit guidance—that Troupe's pleading was not a mistake.

In *Heglund v. Aitkin Cnty.*, the Eighth Circuit "conclude[d] that naming a John Doe defendant is not a 'mistake'" for relation-back purposes.  871 F.3d at 579; *see also Allen v. Amsterdam*, 132 F.4th 1065, 1068 (8th Cir. 2025).  A "[m]istake implies inadvertence or a sincere but wrong belief," whereas the use of a Doe Defendant is "an intentional misidentification, not an unintentional error, inadvertent wrong action, or 'mistake.'"  *Heglund*, 871 F.3d at 580.

5

Troupe tries to distinguish *Heglund*, claiming that it was a case involving "substituting a John Doe solely because the plaintiff *lacked knowledge*." Doc. 245 at 4. Whereas here, Troupe "relied on affirmative misstatements within Mr. Catchings' own jail medical records," in which St. Louis County and Dr. Davis "concealed the identity of the real co-signatories of the standing medical orders" and named Mary Hastings instead. *Id.* at 4–5; *see also* doc. 201 at ¶¶ 62, 64, 66.

Troupe's arguments would be plausible had she—based on this alleged misrepresentation—sued Hastings out of "inadvertence or a sincere but wrong belief." *Heglund*, 871 F.3d at 579. But Troupe never did; she knew that Physician Doe—the defendant she sought all along—was different from Hastings. *See* docs. 1 at ¶¶ 70–71 (describing Physician Doe as Hastings's successor), 10 at ¶¶ 69–70 (same), 29 at ¶¶ 69–70 (same), 201 at ¶¶ 57, 68 (same); *see also* doc. 193 at ¶¶ 57–58 (same). Therefore, the Court finds that Troupe's use of the "Physician Doe" placeholder was "an intentional misidentification, not an unintentional error, inadvertent wrong action, or 'mistake.'" *Heglund*, 871 F.3d at 579. And it does not matter whether, as Troupe argues, Dr. Davis had both notice and constructive notice that she was the Physician Doe referenced in the original Complaint. Doc. 245 at 3–7. "Under Rule 15(c), relation back is permitted only when the action originally is brought against the wrong person because of a 'mistake.'" *Heglund*, 871 F.3d at 581. Because "naming a John Doe defendant is not a 'mistake'" for relation-back purposes, the Court finds that Troupe's Fourth Amended Complaint does not relate back to her original Complaint. *Id.* at 579.

### B.    Tolling and equitable estoppel

Troupe next argues that the statute of limitations should be tolled and that Dr. Davis should be equitably estopped from making a statute-of-limitations defense. Doc. 245 at 7–9.

6

Troupe's arguments predominantly center on the doctrine of fraudulent concealment, *see id.*, but because she mentions "toll[ing] under principles of fraudulent concealment *and* equitable estoppel," *id.* at 2 (emphasis added), the Court examines both doctrines.

"Borrowing Missouri's statute of limitations also requires borrowing Missouri's tolling statutes . . . and operation of these tolling rules is 'governed by state law.'" *Chandler*, 838 F.2d at 979.  And "[e]quitable estoppel . . . is determined by reference to state law." *Brand v. City of Wentzville*, No. 4:20-cv-01758-SRC, 2022 WL 594513, at *5 (E.D. Mo. Feb. 28, 2022) (quoting *Ashokkumar v. Elbaum*, 932 F. Supp. 2d 996, 1016 (D. Neb. 2013)).

Missouri law's fraudulent-concealment doctrine allows for tolling of certain statutes of limitations based on a defendant's improper conduct.  Mo. Rev. Stat. § 516.280 ("If any person, by absconding or concealing himself, or by any other improper act, prevent [sic] the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented.").

"The essence of a fraudulent[-]concealment action is that a defendant, by his or her post-negligence conduct, affirmatively intends to conceal from plaintiff the fact that the plaintiff has a claim against the defendant." *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 325 (Mo. 2016) (en banc) (quoting *Batek v. Curators of Univ. of Missouri*, 920 S.W.2d 895, 900 (Mo. 1996) (en banc)).  A plaintiff must allege conduct by the defendant that "hindered or delayed his commencement of [the] action until after the expiration of the statutes of limitations." *Id.* at 325.  "[I]t may be shown that some trick or artifice was used to prohibit the defrauded party from inquiring or making investigation regarding the fraud, or it must be shown that the defrauded party was prevented from inquiring about the particular acts of concealment." *Batek*, 920 S.W.2d at 900 (citation omitted).  "As it is necessary to prove these facts, it is

7

necessary to plead them." *Id.* (citation omitted) (emphasis removed).  And this doctrine is inapplicable "if a plaintiff knows or should have known he had a cause of action." *Heart of Am. Council,* 484 S.W.3d at 325 (quoting *M & D Enters., Inc. v. Wolff*, 923 S.W.2d 389, 400 (Mo. Ct. App. 1996)).

Unlike the doctrine of fraudulent concealment, "[e]quitable estoppel does not toll the running of the statute.  Rather, it forecloses the wrongdoer, who concealed his or her actions fraudulently, from asserting the defense." *State ex rel. Beisly v. Perigo*, 469 S.W.3d 434, 444 (Mo. 2015).  "To apply the doctrine of equitable estoppel to bar a defendant's statute[-]of[-]limitations defense, the defendant must have acted affirmatively to induce the plaintiff to delay bringing the action." *Id.* at 441.  As the Eighth Circuit put it, "*Beisly*, at most, permits a plaintiff to invoke equitable estoppel if a defendant's own acts of fraud caused the plaintiff's untimeliness." *Halbrook v. Mallinckrodt, LLC*, 888 F.3d 971, 976 (8th Cir. 2018); *see M & D Enters., Inc.*, 923 S.W.2d at 400 ("[A] defendant may be estopped by his conduct from claiming the statute of limitations as a defense where his conduct induced the plaintiff to delay bringing the suit until after the expiration of the statute."); *see also Brand*, 2022 WL 594513, at *6.

Before proceeding to the merits of Troupe's arguments, the Court notes Missouri's doctrines of fraudulent concealment and equitable estoppel apply to the five-year statute of limitations for section 1983 claims. *See Brand*, 2022 WL 594513 at *5–7.  And the Missouri Supreme Court notes that courts may not apply Missouri's fraudulent-concealment statute to wrongful-death claims. *See Frazee v. Partney*, 314 S.W.2d 915, 919 (Mo. 1958) ("[T]he tolling provisions and exceptions of the general statutes . . . , such as § 516.280 providing an extension of time when one absconds or conceals himself or by other improper act prevents the commencement of an action," "are inapplicable" to wrongful-death actions.); *Beisly*, 469 S.W.3d

8

at 440 ("*Frazee* addressed whether the wrongful death statute of limitation could be tolled. *Frazee* remains good law . . . ."); *Boland v. Saint Luke's Health Sys., Inc.*, 471 S.W.3d 703, 707 (Mo. 2015) ("[T]he fraudulent concealment tolling exception in section 516.280 is not applicable to [wrongful-death] case[s]."). But Missouri law, as discussed below, is unsettled on whether equitable estoppel applies to the wrongful-death limitations period, codified in section 537.100. *Compare Beisly*, 469 S.W.3d at 440–45 *with Boland*, 471 S.W.3d at 708–13.

In *State ex rel. Beisly v. Perigo*, the Missouri Supreme Court held that equitable estoppel can bar a defendant from invoking the wrongful-death statute of limitations. 469 S.W.3d at 440–45. In *Boland*, that court stated that while fraudulent concealment, equitable tolling, and equitable estoppel "are distinct legal concepts, under these circumstances they amount to an argument for a *de facto* exception to section 537.100 for fraudulent concealment." *Id.* at 710. And, the court claimed that such an argument is nothing more than a "compelling policy argument" that risks a "freewheeling approach to statutory interpretation" when the court is "[f]aced with statutory language that does not provide [a] fraudulent[-]concealment exception." *Id.*

Concurring and dissenting opinions in *Boland* and *Beisly* explicitly note the contradictory positions the court provided in both decisions. *See Boland*, 471 S.W.3d at 713–14 (Draper III, J., concurring) (agreeing with "the holding in [*Beisly*] handed down this same day" and noting that the majority decision in *Boland* "casts aside the common law maxim that fraud vitiates everything, which is a fundamental tenet of this country's jurisprudence, in favor of uncorroborated speculation as to the meaning of legislative inaction"); *Beisly*, 469 S.W.3d at 446 (Fischer, J., dissenting) ("[T]here is no practical or legitimate reason to issue an opinion in *Beisly* which is in conflict with *Boland* on the same day and that required a special judge to gamer [sic]

9

a majority."); *see also Est. of Mickels*, 542 S.W.3d 311, 315 (Mo. 2018) (Draper III, J., dissenting) ("[C]onsistent with this Court's holding in [*Beisly*], . . . and my dissenting opinion in *Boland*, . . . I respectfully dissent."); *McClurg v. Mallinckrodt, Inc.*, No. 4:12-cv-00361-AGF, 2016 WL 6432776, at *2 (E.D. Mo. Oct. 31, 2016), *aff'd sub nom., Halbrook*, 888 F.3d 971. And the Eighth Circuit has not provided additional guidance. *See Halbrook*, 888 F.3d at 976 ("Fortunately, we need not attempt to resolve the tension between these two cases. . . . *Beisly*, at most, permits a plaintiff to invoke equitable estoppel if a defendant's own acts of fraud caused the plaintiff's untimeliness.").

This Court also need not resolve the tension between these two cases. If the wrongful-death statute cannot be tolled by equitable estoppel, Troupe cannot assert a wrongful-death claim against Dr. Davis after the statute of limitations expired. But even if the wrongful-death statute can be tolled by equitable estoppel, Troupe's stated facts do not warrant tolling, as discussed below. Noting this, the Court examines Troupe's arguments for why her section 1983, doc. 201 at ¶¶ 303–26, and wrongful-death claims, *id.* at ¶¶ 327–37, against Dr. Davis are timely because of the doctrines of fraudulent concealment or equitable estoppel, to the extent they apply to both of Troupe's claims. Either way, Troupe cannot prevail.

Troupe avers that the applicable statutes of limitations should be tolled "under principles of fraudulent concealment and equitable estoppel because official County medical records . . . misidentified a retired St. Louis County employee as the co-signatory of the jail's standing medical orders." Doc. 245 at 2. Per Troupe's Fourth Amended Complaint, St. Louis County "misidentified Mary Hastings as the author of the standing order," doc. 201 at ¶ 64, and "Dr. Davis knew or should have known she was the individual described and that she would have

10

been named but for the County's misidentification of the standing order signatory," *id.* at ¶ 62; *see also id.* at ¶¶ 58-61, 63-65.

Troupe alleges that the records also "omitted [Dr.] Davis's alleged role as co-signatory of the standing orders and/or lead physician at the time of Catchings' treatment." Doc. 245 at 8. "[Dr.] Davis's identity as co-signatory was not discoverable from the materials produced and remained unknown until deposition testimony revealed it." *Id.* And "[c]reating, maintaining, and providing [Troupe] records that affirmatively misrepresented the identity of a doctor overseeing her son's care and the physician executing the jail's standing medical orders is an affirmative act, as is not correcting the incorrect information." *Id.* And Troupe claims to have "reasonably relied on those official records." *Id.*

So even if relation back does not apply, Troupe argues that her claims would be timely under a statute of limitations that "was tolled until [she] learned through deposition testimony that [Dr.] Davis was the co-signatory and lead physician, and even further by the dismissal of [Dr.] Doucette for similar claims while an appeal was pending (before [Dr.] Doucette was reinstated by the Court of Appeals)." *Id.* at 9.

In summary, Troupe claims that two acts preclude a statute-of-limitations bar here: (1) "[c]reating, maintaining, and providing [Troupe] records that affirmatively misrepresented the identity of a doctor overseeing her son's care," and (2) "not correcting the incorrect information." Doc. 245 at 8; *see also* doc. 201 at ¶¶ 62, 64, 66.

But in her Fourth Amended Complaint and motion-to-dismiss response brief, Troupe alleges that the County—not Dr. Davis—committed the act of creating, maintaining, and providing the records. Doc. 201 at ¶¶ 62, 64; doc. 245 at 9. And both the doctrines of fraudulent concealment and equitable estoppel prevent a defendant from invoking a statute-of-limitations

11

defense when *her own conduct* amounts to fraud.  *See Heart of Am. Council*, 484 S.W.3d at 325 ("The essence of a fraudulent concealment action is that a defendant, *by his or her post-negligence conduct*, affirmatively intends to conceal from plaintiff the fact that the plaintiff has a claim against the defendant." (emphasis added)); *Halbrook*, 888 F.3d at 976 ("*Beisly*, at most, permits a plaintiff to invoke equitable estoppel if *a defendant's own acts of fraud* caused the plaintiff's untimeliness." (emphasis added)).  Troupe provides no authority that establishes that under either doctrine, the Court can bar *Dr. Davis* from asserting a statute-of-limitations defense based on *the County's* conduct.

But even if the Court could bar Dr. Davis based on the County's conduct, Troupe fails to establish why this conduct "caused [her] untimeliness," *Halbrook*, 888 F.3d at 976, or hindered knowledge of her cause of action, *Heart of Am. Council,* 484 S.W.3d at 325.  The County's erroneous "misidentifi[cation] [of] Mary Hastings as the author of the standing order," doc. 201 at ¶¶ 62, 64, could not have caused Troupe's untimeliness, because Troupe—at the moment this litigation commenced—knew that she intended to sue Hastings's successor, doc. 1 at ¶¶ 70, 71.  As noted above, in her original Complaint, Troupe sued Physician Doe, claiming that Doe "succeeded Mary Hastings."  *Id.* at ¶ 70.  And this "successor to Mary Hastings" allegedly issued the standing orders.  *Id.* at ¶ 71.  In both her first Complaint and Fourth Amended Complaint, Troupe similarly alleges claims against Hastings's successor—not Hastings.  Doc. 1 at ¶¶ 70–71; doc. 201 at ¶¶ 57, 68.

At no point did Troupe inadvertently sue Hastings; she knew all along that she sought to sue not Hastings but her successor.  *See* docs. 1 at ¶¶ 70–71 (describing Physician Doe as Hastings's successor), 10 at ¶¶ 69–70 (same), 29 at ¶¶ 69–70 (same), 201 at ¶¶ 57, 68 (same); *see also* doc. 193 at ¶¶ 57–58 (same).  Therefore, she does not plausibly allege that the County's

12

alleged misidentification caused her untimeliness and lack of knowledge of her cause of action against Hastings's successor.  *See Halbrook*, 888 F.3d at 976; *Heart of Am. Council,* 484 S.W.3d at 325; *see also Iqbal*, 556 U.S. at 678.

True, Troupe did not specifically know that *Dr. Davis* was Hastings's successor.  And Troupe argues that Dr. Davis should have corrected the County's records, to, presumably, let Troupe know that Dr. Davis is the doctor she seeks to sue.  Doc. 245 at 7–8.  She claims that "[u]nder *Beisly*, concealment includes failures to correct misleading records on which a plaintiff reasonably relies."  *Id.* at 8.  And because "the information identifying [Dr.] Davis as the responsible co-signatory was in the exclusive custody and control of St. Louis County, [Dr.] Doucette[,] and [Dr.] Davis[,] . . . [Dr.] Davis should not benefit from inaccuracies in the official medical records that prevented her identification."  *Id.* at 9.

But prevailing under both doctrines requires the showing of some affirmative acts.  *See Heart of Am. Council*, 484 S.W.3d at 325; *Beisly*, 469 S.W.3d at 441.  And Troupe pleads none against Dr. Davis.  *See Schultz v. Bank of Am. Merrill Lynch Credit Corp.*, 645 S.W.3d 689, 699 (Mo. Ct. App. 2022) ("Silence, or the mere failure to disclose a fraud, does not plead the affirmative acts necessary to state a claim for fraudulent concealment."); *see also Batek*, 920 S.W.2d at 900 (finding that broad allegations of "representations and silence" are insufficient to plead fraudulent concealment).

And *Beisly* does not help Troupe.  Doc. 245 at 8.  That case involved a homicide, alleging that defendants killed the victim, "(1) disguise[ed] the nature of the decedent's death by staging it to look like a home invasion and using a weapon that could not be traced; (2) [lied] to law enforcement; (3) destroy[ed] evidence; and (4) den[ied] their involvement in the decedent's death."  469 S.W.3d at 436.  In ruling that equitable estoppel applied, the Missouri Supreme

13

Court stated that it cannot "reward fraudulent concealment, the destruction of evidence, and the very act of murder." *Id.* at 444–45. Contrary to Troupe's argument, *Beisly* does not hold that "concealment includes failures to correct misleading records." Doc. 245 at 8. Nothing Troupe alleges comes close to *Beisly's* uniquely extreme facts.

Troupe finally cites *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) and *Bailey v. Glover*, 88 U.S. 342 (1874)—two Supreme Court cases—for the proposition that "where a plaintiff remains ignorant of material facts due to concealment, the statute does not begin to run until the truth is discovered." Doc. 245 at 8. But these cases concern federal rights and federal statutes, *see Holmberg*, 327 U.S. at 395–97; *Bailey*, 88 U.S. at 346–50, and the Court must examine Missouri law to analyze the state's doctrines of fraudulent concealment and equitable estoppel. *See Chandler*, 838 F.2d at 979; *Brand*, 2022 WL 594513, at *5–6.

The Court therefore finds that fraudulent concealment and equitable estoppel do not bar the application of statutes of limitations to Troupe's section 1983, doc. 201 at ¶¶ 303–26, and wrongful-death, *id.* at ¶¶ 327–37, claims against Dr. Davis.

## IV.    Conclusion

Accordingly, the Court grants Dr. Davis's [239] Motion to Dismiss and dismisses Dr. Davis and the claims against her with prejudice. A separate order of partial dismissal accompanies this Memorandum and Order.

So ordered this 20th day of April 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

14